UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLAINE M. HANSEN,

    Plaintiff,

        v.                              CAUSE NO. 3:21-CV-235-RLM-MGG

WEXFORD HEALTH,

    Defendant.

OPINION AND ORDER

Blaine M. Hansen, a prisoner without a lawyer, filed a complaint against Wexford Health. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Hansen says he dropped a hotpot on his foot on June 15, 2020, causing second and third degree burns. ECF 1 at 3. Medical staff cleaned and bandaged his foot each day, except that the medical staff refused to provide him with daily treatment and change his bandages when Miami Correctional Facility was on lockdown from June 27 to July 4, 2020. *Id.* at 3-4. He claims Wexford Health was deliberately indifferent to his serious need for medical treatment, which violated his

Eighth Amendment rights and he was also subjected to medical malpractice by Wexford. *Id*.

Mr. Hansen is suing Wexford Health, the private company that provides medical care at the prison. He is trying to hold Wexford Health liable because it employs the medical staff. Wexford Health isn't liable under 42 U.S.C. § 1983 for what its employees did. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); *see also* Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others civil rights."). Because Mr. Hansen's complaint against Wexford Health appears to be based only on Wexford Health's medical staff's decisions pertaining to the treatment of his foot injury, he can't proceed against Wexford Health.

Mr. Hansen has also asserted a state law claim for medical malpractice. The Indiana Medical Malpractice Act governs medical malpractice claims. Jeffries v. Clark Mem'l Hosp., 832 N.E.2d 571, 573 (Ind. Ct. App. 2005). "Before a medical malpractice action may be commenced in any court of [Indiana], the Medical Malpractice Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel." H.D. v. BHC Meadows Hosp., Inc., 884 N.E.2d 849, 853 (Ind. Ct. App. 2008); Ind. Code § 34-18-8-4. Mr. Hansen hasn't indicated he complied with the Indiana Medical Malpractice Act, so he can't proceed on this claim.

While Mr. Hansen's complaint doesn't state a claim upon which relief can be granted, the court will give him a chance to file an amended complaint, if after

2

reviewing this order, he believes he can state a claim. <u>Luevano v. WalMart Stores, Inc.</u>, 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013); <u>Loubser v. Thacker</u>, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, Mr. Hansen should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Blaine M. Hansen; and

(2) GRANTS Blaine M. Hansen until **<u>July 15, 2021</u>**, to file an amended complaint on that form.

If Mr. Hansen doesn't respond by July 15, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint doesn't state a claim upon which relief can be granted.

SO ORDERED on June 14, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
