UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLAINE M. HANSEN,

    Plaintiff,

    v.     CAUSE NO. 3:21-CV-235-RLM-MGG

WEXFORD HEALTH, et al.,

    Defendants.

OPINION AND ORDER

Blaine M. Hansen, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Hansen alleges that on June 15, 2020, he dropped a boiling hotpot on his right foot, causing second and third degree burns. He was taken to the medical unit where his foot was treated and bandaged. The medical staff told him he would get medical treatment and clean bandages for his foot on a daily basis, but Mr. Hansen says he was denied medical treatment for his foot after that despite his multiple requests for treatment. **Mr. Hansen explains that, on July 1, 2020, he began**

**recording the dates and times he was denied treatment but claims the denial of treatment actually began on June 27, 2020.** Mr. Hansen asserts that, on six occasions, from July 1 to July 3, 2020, he asked R.N. Ashley, R.N. Chad, and R.N. A. Wilson for medical treatment and clean bandages, but they denied his requests and left him in the same pus-filled bandage. He says he put in healthcare requests about the pain and numbness in his right foot and R. N. Chad told him that he had sustained nerve damage to his foot. Thus, according to Mr. Hansen, he now has permanent pain and damage to his left foot because he didn't receive appropriate medical treatment.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It's not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't amount to deliberate indifference. Minix v. Canarecci, 597 F.3d 824, 831-32 (7th Cir. 2010). A delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. Arnett v. Webster, 658 F.3d 742, 752-53 (7th Cir. 2011); Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008).

While Mr. Hansen's allegations are concerning, he hasn't alleged facts from which it can be plausibly inferred that R.N. Ashley, R.N. Chad, and R.N. Wilson were deliberately indifferent to his need for treatment for his right foot. The complaint indicates that after Mr. Hansen dropped a hotpot on his right foot, he was taken to the medical unit where his foot was treated and bandaged, and he was told he would continue to receive treatment for his foot. While Mr. Hansen claims R.N. Ashley, R.N.

3

Chad, and R.N. Wilson were deliberately indifferent to his medical needs because they denied him bandage changes from July 1 to 3, 2020, he hasn't pleaded facts from which it can be plausibly inferred that he had a medical need for bandage changes during this period. Furthermore, he hasn't explained why he believes there is a link between his allegations of pain and numbness in his foot and not having his bandages changed frequently enough. Mr. Hansen hasn't stated a claim of deliberate indifference.

Furthermore, Mr. Hansen has sued Wexford Health.[1] A private company performing a state function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). *See* Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Mr. Hansen hasn't identified any specific policy or practice maintained by Wexford that resulted in the violation of his constitutional rights, so he can't proceed against Wexford.

As a final matter, in the absence of a federal claim, the court does not need to consider Mr. Hansen's state law negligence and medical malpractice claims he has asserted against Wexford. He may replead these claims in his amended complaint.

---

[1] The court construes Wexford Health to mean Wexford of Indiana, LLC.

While Mr. Hansen's amended complaint doesn't state a claim upon which relief can be granted, the court will give him a chance to replead, if after reviewing this order, he believes he can state a claim. <u>Luevano v. WalMart Stores, Inc.</u>, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); <u>Loubser v. Thacker</u>, 440 F.3d 439, 443 (7th Cir. 2006). If and when Mr. Hansen prepares his next amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Blaine M. Hansen;

(2) GRANTS Blaine M. Hansen until **December 15, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Blaine M. Hansen that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on November 15, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

5